**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Mary Frances Aini<br><br>      Plaintiff,<br>v.<br><br><br>US Xpress, Inc. and Rodney Hill, Jr.<br><br>      Defendants. | Civil Action No.:  3:25-cv-04533-CMC<br><br>**COMPLAINT** |

      Plaintiff, complaining of above-named Defendants, would respectfully show unto this Court as follows:

1.     Plaintiff was a citizen and resident of Dorchester County, State of South Carolina on December 13, 2023, and Plaintiff is currently a citizen and resident of Colleton County, State of South Carolina.

2.     Upon information and belief, Defendant Hill is a citizen and resident of Pulaski County, State of Arkansas.

3.     Upon information and belief, Defendant US Xpress, Inc. (herein after "US Xpress") is incorporated in the State of Nevada with its principal place of business in the State of Tennessee.

4.     Upon information and belief, Defendant US Xpress exists, operates, and conducts business in the State of South Carolina and is registered to do business in the State of South Carolina with the South Carolina Secretary of State.

5.      Defendant US Xpress is also a motor vehicle carrier registered with the United States Department of Transportation (USDOT number 303024).

6.      This suit arises from a motor vehicle collision that occurred at approximately 3:20 pm on Interstate-26 eastbound, in Lexington County, State of South Carolina on December 13, 2023.

7.      Plaintiff is informed and believes that at the time of the collision, Defendant Hill was the driver of a 2023 Tractor Trailer bearing VIN 3AKJHHDR4PSUG0249 that seriously injured the Plaintiff.

8.      Plaintiff is informed and believes that at the time of the collision, Defendant US Xpress was the registered owner of the 2023 Tractor Trailer bearing VIN 3AKJHHDR4PSUG0249 that was involved in the motor vehicle collision that resulted in serious injury to the Plaintiff.

9.      At all times relevant, Defendant US Xpress owned, maintained, and/or furnished the subject commercial motor vehicle to Defendant Hill.

10.     At all times relevant, Defendant Hill was using the commercial motor vehicle with Defendant US Xpress' consent and permission.

11.     This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

12.     The Defendants are subject to the jurisdiction of this Court as having committed tortious acts in whole or in part in this State. Personal jurisdiction against Defendants' is proper, pursuant to South Carolina's Long-Arm Statute.

13.     Venue is proper, pursuant to S.C. Code Ann. § 15-7-30, as the most substantial part of the act or omission giving rise to this cause of action occurred in Lexington County, State of South Carolina.

**FACTUAL ALLEGATIONS**

14. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

15. At all times relevant, Defendant Hill was an officer, director, agent, and/or employee of Defendant US Xpress and was acting within the course and scope of his employment, agency, and/or work with Defendant US Xpress at the time of the subject incident described herein.

16. At all times relevant, Defendant US Xpress was the employer and/or principal of Defendant Hill and exercised control over the conduct of Defendant Hill and had the right to control the time, manner, method and performance of Defendant Hill's employment and/or work and use of the vehicle he was driving at the time of the subject incident described herein.

17. At all times relevant, the Defendants were agents, employees, principals, partners, joint ventures, masters and/or servants of one another, and acted on behalf of and for the benefit of one another.

18. Defendant US Xpress was responsible for Defendant Hill's actions and the consequences of his actions on December 13, 2023 pursuant to the doctrines of *respondeat superior* and agency.

19. At the time of the collision, Defendant Hill was an employee of Defendant US Xpress.

20. At the time of the collision, Defendant US Xpress was the employer of Defendant Hill.

21. At the time of the collision, Defendant Hill was acting within the course and scope of his employment, agency, and/or work with Defendant US Xpress.

22. On December 13, 2023, at approximately 3:20pm, the Plaintiff was traveling eastbound on Interestate-26 near Irmo, South Carolina.

23. Plaintiff was traveling in the center lane.

24. On or about the same date and the same time, Defendant Hill was driving a Tractor Trailer owned by Defendant US Xpress.

25. Defendant Hill was also traveling eastbound on Interestate-26 near Irmo, South Carolina.

26. Defendant Hill was traveling in the lane to the left side of the Plaintiff.

27. Defendant Hill failed to utilize proper space management, made an improper lane change, and smashed into the driver-side of the vehicle Plaintiff was driving, thereby giving rise to the collision which is the subject matter of this lawsuit.

28. Defendant Hill had, or should have had, adequate opportunity to perceive the Plaintiff traveling on the road in the lane to the right of him.

29. Moments prior to the collision, Defendant Hill utilized his right turn signal.

30. Defendant Hill attempted to make a lane change into the lane to the right of him.

31. Upon impact, Defendant Hill turned off his right turn signal and proceeded back into his original lane of traffic.

32. Defendant Hill did not slow down.

33. Defendant Hill immediately fled the scene of the collision in violation of S.C. Code Ann. § 56-5-1210 and S.C. Code Ann. § 56-5-1220.

34. Upon impact, Plaintiff immediately pulled over to the side of the road.

35. Plaintiff sustained significant injuries as a result of the collision.

36. Plaintiff suffered from a traumatic brain injury and spinal injury as a result of the collision.

37. Plaintiff also sustained mental trauma as a result of the collision.

38. Plaintiff has gone and is undergoing extensive medical care and treatment for her injuries.

39. At all times relevant, nothing Plaintiff did contributed to the collision.

40. Plaintiff has incurred, and will continue to incur in the future, medical expenses, and have suffered and will continue to suffer damages, such a physical and mental pain and suffering, emotional anguish, lost wages, physical disability and permanent injury, alteration of lifestyle, and loss of enjoyment of life, all of which she is entitled to be compensated for as a direct and proximate result of the Defendants' conduct.

## FIRST CAUSE OF ACTION

**(Negligence, Recklessness, Permissive Use)**

41. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

42. Defendant Hill owed a duty to the Plaintiff to operate his vehicle safely, with reasonable care, and in accordance with all laws concerning the operation of a commercial motor vehicle.

43. Defendant Hill owed a duty to the Plaintiff to report operation defects and to cease operation of his commercial motor vehicle if its safety-sensitive functions were in any way compromised.

44. Defendant US Xpress owed a duty to Plaintiff ensure the safe operation of their vehicle, with reasonable care, by implementing safety policies and procedures, monitoring, and other internal safety controls to protect the motoring public, including the Plaintiff, from negligent and reckless conduct, including the acts of Defendant Hill.

45. Defendant US Xpress owed a duty to the Plaintiff to ensure that their vehicle was in a safe condition, properly equipped, and properly maintained.

46. Defendant US Xpress owed a duty to the Plaintiff to perform periodic inspections on their fleet vehicles, and, if necessary, have repairs and maintenance performed.

47.    Defendant US Xpress owed a nondelegable duty to the Plaintiff to maintain their vehicles to which it assigns or allows its employees to drive on the public highways to be safe to drive on the highways. Defendant US Xpress should have a system in place for inspection, and empower its employees to report safety issues, and then those vehicles with issues affecting safety should be removed from service until repaired.

48.    The injuries and losses which the Plaintiff sustained were directly and proximately caused and occasioned by the negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of Defendant Hill in one or more of the following ways:

    a. In driving his vehicle in a negligent and/or reckless manner which was in willful and wanton disregard for the safety of the Plaintiff;

    b. In failing to maintain proper control over the aforesaid motor vehicle;

    c. In failing to take advantage of any last clear chance to avoid striking Plaintiff, when Defendant Hill saw, or should have seen, the Plaintiff in the roadway;

    d. In failing to properly apply the brakes of his vehicle;

    e. In failing to have properly functioning brakes;

    f. In failing to report defective brakes to his employer;

    g. In driving too fast for the conditions;

    h. In failing to maintain a proper lookout;

    i. In failing to observe the prevailing traffic conditions;

    j. In failing to pay attention to his driving;

    k. In failing to use due care;

    l. In failing to utilize proper space management;

    m. In failing to make a proper lane change;

    n. In violating the laws, statutes, and ordinances of the State of South Carolina enacted to protect the safety and health of the motoring public, so as to constitute *negligence per se*;

    o. In violating the Federal Motor Carrier Safety Regulations;

    p. In violating the Commercial Driver License (CDL) Manual;

    q. In failing to act as a reasonable and prudent driver would act under the same or similar circumstances; and

    r. In such other particulars as the evidence at trial may show.

49. The injuries and losses which the Plaintiff sustained were directly and proximately caused and occasioned by the negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of Defendant US Xpress in one or more of the following ways:

    a. In permitting, facilitating, and allowing for the operation of the vehicle in a negligent and/or reckless manner;

    b. Failing to use due care;

    c. Failing to use the degree of care and caution that a reasonably prudent person or company would have used under the circumstances then and there prevailing;

    d. In failing to ensure that the vehicle was in safe condition, properly equipped, and maintained;

    e. In failing to operate a commercial motor vehicle in the manner required by the Federal Motor Carrier Safety Regulations;

    f. In failing to implement and enforce safety policies and procedures, monitoring, and other internal controls to protect the motoring public, including the Plaintiff, from negligent and reckless conduct, including the acts of Defendant Hill;

  g. Violating various laws, statues, codes, and ordinances designed to protect the public, including the plaintiff, from the type of harm that was caused by the Defendants' conduct and constituting negligence *per se*, recklessness, and subjecting the Defendants to punitive damages; and

  h. Otherwise operating the vehicle without exercising reasonable care and in a negligent, willful, wanton, and reckless manner.

50. Defendants' negligent, careless, grossly negligent, willful, wanton, and reckless conduct and breach of the duties owed to the Plaintiff were the direct and proximate cause of the December 13, 2203 collision, injuries and damages described herein.

51. Plaintiff is entitled to judgment against Defendant US Xpress and Defendant Hill for her injuries and for actual and punitive damages in an amount to be determined by the jury.

## SECOND CAUSE OF ACTION

### (Doctrines of *Respondeat Superior* and Agency)

52. Plaintiff realleges and reiterates all of the allegations contained herein above as if fully and completely set forth herein.

53. Defendant US Xpress is vicariously liable to Plaintiff, under the doctrine of *respondeat superior* and agency, for the negligent, careless, reckless, willful and wanton conduct of their employee and/or agent, Defendant Hill, such conduct consisting of one or more of the particulars described herein.

54. Plaintiff is entitled to judgment against Defendant US Xpress and Defendant Hill for her injuries and for actual and punitive damages in an amount to be determined by the jury.

## THIRD CAUSE OF ACTION

### (Negligent Entrustment)

55. Plaintiff realleges and reiterates all of the allegations contained herein above as if fully and completely set forth herein.

56. Defendant US Xpress knew or should have known Defendant Hill was untrained and incapable of operating his vehicle in the manner required by the Federal Motor Carrier Safety Regulations and state law.

57. Defendant US Xpress knew or should have known that Defendant Hill was careless and lacked sufficient training such that he was incapable of complying with the Federal Motor Carrier Safety Regulations and state law and was therefore, a negligent and/or reckless driver.

58. Defendant US Xpress negligently and/or recklessly entrusted a commercial motor vehicle to Defendant Hill despite its knowledge that Defendant Hill lacked proper training and appropriate driving skills to operate the same.

59. That as a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendant US Xpress and Defendant Hill, Plaintiff has suffered damages.

60. Plaintiff is entitled to judgment against Defendant US Xpress and Defendant Hill for her injuries and for actual and punitive damages in an amount to be determined by the jury.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Training, Retention and Supervision)**

61. That Plaintiff realleges and reiterates all of the allegations contained herein above as if fully and completely set forth herein.

62. Defendant US Xpress owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards

and procedures and safety management systems specifically as to the hiring, training, retention and supervision of its employees, drivers, and agents, including Defendant Hill.

63. Defendant US Xpress owed statutory and common law duties to Plaintiff to use reasonable care when hiring, supervising, training, and retaining employees and to use safe and fit equipment such as the commercial motor vehicle.

64. Defendant US Xpress knew or should have known that Defendant Hill lacked training and possessed a driving and/or criminal record such that he was unable to comply with the Federal Motor Carrier Safety Regulations and state laws and therefore was a negligent and/or reckless driver.

65. Defendant US Xpress failed to properly supervise and train Defendant Hill, and despite this, allowed him to operate their commercial motor vehicle without the most basic training in violation of the Federal Motor Carrier Safety Regulations and state law.

66. That as a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of the Defendants, Plaintiff has suffered damages.

67. Defendant US Xpress is directly and vicariously liable to Plaintiff, including liability under the doctrines of *respondeat superior* and agency, for Defendants' respective conduct and the conduct of Defendants' respective employees and agents, such conduct consisting of one or more of the particulars described herein.

68. Plaintiff is entitled to judgment against Defendant US Xpress and Defendant Hill for her injuries and for actual and punitive damages in an amount to be determined by the jury.

## DAMAGES

69. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

70. That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendants, Plaintiff:

   a. Was severely, seriously, painfully, and permanently injured physically and mentally;

   b. Suffered injuries about various parts of her body;

   c. Suffered extreme, painful and dangerous injuries to her person from which Plaintiff is informed and believes that she will have permanent adverse effect and disability;

   d. Suffered injuries that required medical treatment and medical expenses and that will require further medical treatment and medical expenses in the future;

   e. Was and will be subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

   f. Has been and will be prevented from attending to her usual and ordinary activities of daily living;

   g. May be subjected to lost wages; and

   h. All other damages, both actual and punitive, in an amount to be determined by the trier of fact.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly and severally, for actual and punitive damages, including, but not limited to, damages for physical injury and harm, past and future medical expenses, past and future physical and mental pain and

suffering, loss of enjoyment of life, lost wages, for the costs of this action, and for any additional relief this Court deems just and proper.

                                                                 Respectfully submitted,

                                                                 **JOYE LAW FIRM, L.L.P.**

By:    /s/Eliza G. Lynch
          Eliza G. Lynch, Esquire
          Federal Bar No.: 13348
          1333 Main Street, Suite 260
          Columbia, SC 29201
          Office:  803-771-3100
          Facsimile:  803-451-4921
          elynch@joyelawfirm.com
          *Attorneys for the Plaintiffs*

May 27, 2025
Columbia, South Carolina